IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**TERRENCE JOSEPH MCGUIRK**

    **Movant,**

v.                                              **Case No.: 2:23-cv-00816**
                                                            **2:18-cr-00225-05**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**MEMORANDUM OPINION AND ORDER
SEALING EXHIBITS**

Pending is Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1109). Along with the Motion, Movant submitted twenty-one exhibits, (ECF Nos. 1111 through 1111-20), some of which include information already subject to an order of nondisclosure and some of which include portions of investigations involving individuals other than or in addition to Movant. The remaining exhibits include correspondence between Movant and his counsel, and correspondence from Movant's mother to Movant's counsel, much of which normally would be subject to the attorney-client privilege. However, that privilege was waived by Movant when he raised a claim of ineffective assistance of counsel involving the subject matter of the correspondence and when he voluntarily provided the correspondence to the Clerk for filing without seeking to have the correspondence sealed.

Having reviewed the exhibits, which the Clerk has temporarily sealed pending review, the Court **ORDERS** the Clerk to **SEAL** Exhibits 1111-6 through 1111-17, and 1111-20. These Exhibits should be sealed, because they contain confidential law enforcement information, or involve individuals other than Movant, or are already subject to an order of nondisclosure. The Clerk is further **ORDERED** to **UNSEAL** Exhibits 1111 through 1111-5, 1111-18, and 1111-19.

The undersigned is cognizant of the well-established Fourth Circuit precedent recognizing a presumption in favor of public access to judicial records. *Ashcraft v. Conoco, Inc.,* 218 F.3d 288 (4th Cir. 2000). As stated in *Ashcraft,* before sealing a document, the Court must follow a three-step process: (1) provide public notice of the request to seal; (2) consider less drastic alternatives to sealing the document; and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting alternatives. *Id.* at 302. In this case, the Exhibits shall be sealed and will be designated as sealed on the Court's docket. The Court deems this sufficient notice to interested members of the public. The Court has considered less drastic alternatives to sealing the documents, but in view of the nature of the information set forth in the documents—which is information generally protected from public release—alternatives to wholesale sealing are not feasible at this time. Accordingly, the Court finds that sealing the exhibits does not unduly prejudice the public's right to access court documents. To the extent portions of the sealed documents become key to a resolution of the § 2255 Motion in this case, the Court will revisit this Order Sealing Exhibits.

The Clerk is instructed to provide a complete copy of the Exhibits to the United States Attorney for the Southern District of West Virginia in the event that the United States Attorney is unable to access the sealed Exhibits and has not received them from

another source. The Clerk is further instructed to provide a copy of this Order to Movant and the United States Attorney for the Southern District of West Virginia.

**ENTERED**: January 2, 2024

Cheryl A. Eifert
United States Magistrate Judge